UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------x
MATTHEW DAALLING,

                Plaintiff,        **MEMORANDUM AND ORDER**
                                                                     23-CV-05426 (OEM)

    -against-

GIOVANNI DAALLING; AMBER;
AL DAEMO; MICHELLE RIVERA,

                Defendants.
------------------------------------------------------------x
**ORELIA E. MERCHANT, United States District Judge:**

        Plaintiff Matthew Daalling ("Plaintiff" or "Daalling") filed the instant *pro se* action alleging jurisdiction under *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971). Plaintiff's request to proceed *in forma pauperis* is granted. However, for the reasons discussed below, the complaint is dismissed for failure to state a claim upon which relief may be granted, *see* 28 U.S.C. § 1915(e)(2)(B), and for failure to conform with Rule 8(a) of the Federal Rules of Civil Procedure. Plaintiff is granted thirty (30) days from the date of this memorandum and order to file an amended complaint.

## BACKGROUND

        On July 14, 2023, Plaintiff filed this action and a motion for leave to proceed *in forma pauperis*. ECF 1, ("Compl.") at 2. Plaintiff has used a standard form complaint. Plaintiff indicates that he is bringing this action against federal officials and that "they have been attacking [him] over and over and I don't know how to get it to stop." *Id.* at 4. As the facts underlying his claims, Plaintiff simply lists the words "surveillance abuse," "abuse of power," "attempted murder," and "murder." Compl. at 5. Plaintiff asserts that the events giving rise to his claim

1

occurred in Brooklyn, New York, "for the past ten years." *Id*. For relief, Plaintiff seeks monetary damages and "for elevation from this auditory and visual assaults." *Id*. at 6.

## STANDARD OF REVIEW

28 U.S.C. § 1915 allows a litigant to pursue a claim in federal court "without prepayment of fees or security" so long as they "submit[] an affidavit" that establishes "that the person is unable to pay such fees." 28 U.S.C. § 1915(a).[1] However, in exchange for the privilege of maintaining an action without payment – i.e., proceeding *in forma pauperis* – and to avoid abuse of the judicial system, § 1915(e) provides a mechanism for the Court to initially review the complaint prior to the issuance of summons and the commencement of the adversarial process. *See Potnick v. E. State Hosp.*, 701 F.2d 243, 244 (2d Cir. 1983) (*per curiam*) ("[W]e are not unmindful of the mounting concern over the ever-increasing caseload burdening the federal courts, and the growing view that judges must be alert to prevent the dissipation of limited judicial resources on claims that are frivolous or are brought in bad faith.").

Thus, the Court's duty at this stage involves two "distinct" tasks: (1) reviewing the plaintiff's affidavit and assessing their inability to pay the filing fee,[2] and (2) reviewing the complaint on the merits. *See id.* ("The statutory scheme recognizes, however, that whether a plaintiff qualifies for *in forma pauperis status* and whether his claims have merit present two distinct issues.").

As to whether the plaintiff qualifies for *in forma pauperis* status, that "decision . . . is left to the District Court's discretion[.]" *Fridman v. City of New York*, 195 F. Supp. 2d 534, 536

---

[1] 28 U.S.C. § 1915 also contains additional requirements and provisions for incarcerated litigants seeking *in forma pauperis* status which do not apply here. *See, e.g.*, 28 U.S.C. § 1915 (a)(2), (b); 28 U.S.C. § 1915A
[2] As of the date of this order, the current filing fee for civil cases in this district is $402.00 *See* Court Fees, Eastern District of New York, *available at* [Court Fees | Eastern District of New York | United States District Court (uscourts.gov)](#)

2

(S.D.N.Y. 2002). "The Supreme Court has long held that 'an affidavit is sufficient which states that one cannot because of his poverty pay or give security for the costs [inherent in litigation] and still be able to provide himself and dependents with the necessities of life.'" *Brooks v. Aiden 0821 Cap. LLC*, No. 19-CV-6823 (GRB) (AYS), 2020 WL 4614323, at *5 (E.D.N.Y. July 22, 2020) (quoting *Adkins v. E.I. Du Pont De Nemours & Co.*, 335 U.S. 331, 339(1948)) (internal quotation marks omitted). "Section 1915(a) does not require a litigant to demonstrate absolute destitution; no party must be made to choose between abandoning a potentially meritorious claim or foregoing the necessities of life." *Potnick*, 701 F.2d at 244.

At the initial review of the complaint, a district court "shall" dismiss an *in forma pauperis* action when the action "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). In practice, "[t]he standard for dismissal of an action or appeal taken *in forma pauperis* is identical to the standard for dismissal on a motion made pursuant to Fed. R. Civ. P. 12(b)(6)." *Fridman*, 195 F. Supp. 2d at 538. That is, the complaint must survive the *Iqbal-Twombly* pleading standard and "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). An action is "frivolous" when either: (1) "the 'factual contentions are clearly baseless,' such as when allegations are the product of delusion or fantasy"; or (2) "the claim is 'based on an indisputably meritless legal theory.'" *Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998) (internal citation omitted).

"It is well established that the submissions of a *pro se* litigant must be construed liberally and interpreted 'to raise the strongest arguments that they suggest.'" *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (cleaned up) (alteration omitted). *See Erickson v.*

3

*Pardus*, 551 U.S. 89, 94 (2007) (A "*pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyer."). Nonetheless, a *pro se* plaintiff must also "still comply with the relevant rules of procedural and substantive law, including establishing that the court has subject matter jurisdiction over the action." *Ally v. Sukkar*, 128 F. App'x 194, 195 (2d Cir. 2005).

## DISCUSSION

### A.   Motion to Proceed *In Forma Pauperis*

Upon review of Plaintiff's declaration in support of the application to proceed *in forma pauperis*, the Court finds that Plaintiff is qualified by his financial status to commence this action without the prepayment of the filing fee. *See* 28 U.S.C. § 1915(a)(1). Accordingly, Plaintiff's application to proceed *in forma pauperis* is granted.

### B.   Review of the Complaint under 28 U.S.C. § 1915(e)

In addition to requiring sufficient factual matter to state a plausible claim for relief, a plaintiff must provide a short, plain statement of claim against each defendant named so that they have adequate notice of the claims against them. *See* Fed. R. Civ. P. 8; *Iqbal,* 556 U.S. at 678 (Rule 8 "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation.").

While the standard for satisfying Rule 8 is quite liberal, a plaintiff nonetheless "must disclose sufficient information to permit the defendant 'to have a fair understanding of what the plaintiff is complaining about and to know whether there is a legal basis for recovery.'" *Kittay v. Kornstein*, 230 F.3d 531, 541 (2d Cir. 2000) (quoting *Ricciuti v. New York City Transit Auth.*, 941 F.2d 119, 123 (2d Cir.1991)). "Dismissal . . . is usually reserved for those cases in which the complaint is so confused, ambiguous, vague, or otherwise unintelligible that its true substance, if

any, is well disguised." *Id*. (quoting *Salahuddin v. Cuomo,* 861 F.2d 40, 42 (2d Cir.1988)) (quotation marks omitted); *accord Harnage v. Lightner,* 916 F.3d 138, 141 (2d Cir. 2019).

As presented, neither the Court nor Defendants can reasonably be expected to identify Plaintiff's claims, much less which defendant may be liable given the generic accusations contained in the complaint. *But see Harnage*, 916 F.3d at 141 (finding Rule 8 satisfied where "[l]iberally construed, the amended complaint identifies discrete defendants and the actions taken by these defendants that purportedly violated Harnage's Eighth Amendment rights.")

Additionally, Daalling fails to provide any identifying information as to the Defendants. Given the difficulty in understanding Plaintiff's complaint, the Court is unable to evaluate whether Plaintiff's allegations state a claim for relief. Accordingly, the complaint is dismissed without prejudice with leave granted for Plaintiff to file an amended complaint.

### Leave to Amend

Given Plaintiff's *pro se* status, the Court grants him leave to file an amended complaint within 30 days that conforms with Rule 8(a) of the Federal Rules of Civil Procedure. Any amended complaint must clearly assert a basis for the Court's subject matter jurisdiction, state the grounds for relief, and include specific factual details about how each of the defendants caused harm to the Plaintiff. The amended complaint must be captioned "Amended Complaint," and bear the same case number as this order. An amended complaint completely replaces the prior pleadings.

### Conclusion

Accordingly, Plaintiff's complaint, filed *in forma pauperis*, is dismissed for failure to state a claim upon which relief may be granted, *see* 28 U.S.C. § 1915(e)(2)(B), and for failure to conform with Rule 8(a) of the Federal Rules of Civil Procedure. Plaintiff is granted thirty days' leave from the date of this memorandum and order to file an amended complaint as detailed above.

All further proceedings shall be stayed for 30 days. If Plaintiff fails to file an amended complaint within the time allowed or show good cause why he cannot comply, judgment shall enter.

Plaintiff may contact the City Bar Justice Center's Federal Pro Se Legal Assistance Project at 212-382-4729 to make an appointment for limited-scope legal assistance at the Brooklyn Federal Courthouse.

The Clerk of Court is respectfully requested to provide Plaintiff with a complaint form and to serve a copy of this memorandum and order on Plaintiff.

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal would not be taken in good faith and therefore *in forma pauperis* status is denied for the purpose of any appeal. *Coppedge v. United States,* 369 U.S. 438, 444-45 (1962).

**SO ORDERED.**

      /s/ Orelia E. Merchant
**ORELIA E. MERCHANT**
**United States District Judge**

Dated: Brooklyn, New York
      September 5, 2023